UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLUE CASTLE (CAYMAN), LTD.
       Plaintiff,

    -v-

GARNETT MILLER, *et al.*,
       Defendants.

23-CV-4133 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On May 18, 2023, Plaintiff commenced this action to foreclose on a mortgage encumbering the property at 3340 Fish Ave., Bronx, NY 10469.  (ECF No. 1.)  Defendant Garnett Miller has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 10.)  For the reasons that follow, the motion is denied.

**I. Background**

 **A. Factual Background**

The following facts are drawn from the Complaint and are assumed true for purposes of the motion to dismiss.

Plaintiff Blue Castle (Cayman) Ltd. ("Blue Castle") is a corporation organized under the laws of the Cayman Islands, with a principal place of business in Florida.  (ECF No. 1 ("Compl.") ¶ 2 .)  Defendant Garnett Miller is an individual who is a citizen of New York.  (*Id*. ¶ 3.)

On or about November 20, 2006, Miller executed and delivered to American Dream Mortgage Brokers, Inc., a note as evidence of a loan in the amount of $569,800.00.  Under the terms of the note, Miller promised to pay the lender, or the subsequent holder of the note, the principal sum.  (*Id.* ¶ 13.)  To secure the loan, Miller executed, acknowledged, and delivered to

the lender a mortgage encumbering the property commonly known as 3340 Fish Ave., Bronx, NY 10469, which is located in Bronx County, New York.  (*Id*. ¶¶ 1, 14.)  The note and mortgage were ultimately assigned to Blue Cayman.  (*Id*. ¶ 15.)

Miller defaulted under the terms of the note and mortgage by failing to make payments when due.  (*Id*. ¶ 17.)  On February 6, 2023, Blue Castle mailed a 30-Day Notice to Miller advising him of the possible acceleration of the loan, as well as a 90-Day Notice advising Miller of possible legal action if default under the note and mortgage was not cured.  (*Id*. ¶¶ 18-19.)  Blue Castle has elected to accelerate the entire principal balance of $531,203.00, plus interest, to be due immediately.  (*Id*. ¶ 17.)

### B. Procedural History

On April 24, 2013, U.S. Bank National Association filed an action in New York Supreme Court, Bronx County, to foreclose on the same mortgage at issue here.  (ECF No. 11-3.)  On January 28, 2019, the court dismissed the Bronx County action based on U.S. Bank's failure to file a timely note of issue.  (ECF No. 11-5.)

On December 9, 2021, Miller filed an action in New York Supreme Court, Bronx County, to cancel and discharge the mortgage, arguing that the statute of limitations to enforce the mortgage had expired.  (ECF No. 26-2.)  The court dismissed Miller's complaint on December 7, 2022, concluding that Miller lacked standing because he had no interest in the property.  The court also held that even if Miller did have standing, the noteholder was exempt from New York's statute of limitations because the mortgage had been assigned from the U.S. Department of Housing and Urban Development (HUD).  (ECF No. 26-3.)

On May 18, 2023, Blue Cayman filed this action against Miller and at least six other necessary parties to foreclose on the mortgage, pursuant to Section 1301 of the New York Real Property Actions and Proceedings Law.  (Compl. ¶¶ 1, 3-10.)  Blue Cayman invoked this Court's

diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 11.) Miller moved to dismiss the complaint on August 11, 2023, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10.)

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

## III. Discussion

Miller makes two arguments in support of his motion to dismiss. First, Miller contends that Blue Cayman's Complaint is time-barred under New York's statute of limitations and, therefore, does not state a plausible claim to relief. (ECF No. 12 at 4-7.) Second, Miller argues that the Complaint must be dismissed because Blue Cayman failed to obtain leave of court to file a second action pursuant to N.Y. C.P.L.R. ("CPLR") § 205-a. (ECF No. 12 at 7.) Both arguments fail.

The doctrine of *res judicata* forecloses Miller's statute-of-limitations argument. "[R]es judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."

3

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks and citation omitted). To prove *res judicata*, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id*. at 285 (citations omitted).

Miller's statute-of-limitations argument satisfies the requirements for applying claim preclusion. First, the Bronx County order from December 2022 adjudicated Miller's claim and concluded that New York's statute of limitations did not apply to an assignee-agent of the Secretary of HUD. (ECF No. 26-3 at 4.) Miller has withdrawn his appeal of the Bronx County order, rendering it a final order on the merits. (ECF No. 28.) Second, the parties involved in the Bronx County action were the same parties or parties in privity with them. Miller was the plaintiff in the Bronx County case (ECF No. 26-2), and Blue Cayman is an assignee of Wilmington Savings Fund Society, FSB, one of the named defendants in the earlier action (ECF No. 26-2, ECF No. 1-5.) Third, Miller already asserted his New York statute-of-limitations claim in the earlier action. (ECF No. 26-2 at 5.) Consequently, the doctrine of *res judicata* applies and precludes relitigation of the claim in this Court.

Even if *res judicata* did not apply, Miller's statute-of-limitations argument fails on the merits. The Second Circuit has held that "[i]t is well-established that the United States is not bound by a statute of limitations unless Congress has explicitly expressed one. Thus, New York's six-year limitations period on foreclosure actions does not apply to actions brought by the United States or federal agencies." *Windward Bora, LLC v. Wilmington Sav. Fund Soc'y, FSB*, 982 F.3d 139, 142 (2d Cir. 2020). The Second Circuit has extended the federal government's immunity from state statutes of limitations to assignees of federal agencies, including HUD

4

assignees. *Id*. Here, Blue Cayman, through a chain of assignments, is a HUD assignee of the mortgage at issue, ECF No. 1-5, and is, therefore, entitled to immunity from New York's limitations period on foreclosures.

Finally, Miller raises the objection that Blue Cayman failed to obtain leave of court to file a second action pursuant to the savings provisions of CPLR § 205-a. The statute provides that if a plaintiff commences a timely action related to real property and that action is terminated for reasons other than the ones enumerated in the statute, then the "plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period." CPLR § 205-a(a). But because New York's statute of limitations does not apply to the mortgage here, Blue Cayman is not relying on the savings clause to render the Complaint timely. Therefore, any purported failure to obtain leave of court to file a second action is not a valid basis for a Rule 12(b)(6) motion to dismiss.

### IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

Defendants shall file answers to the Complaint within 14 days of the date of this opinion and order.

The Clerk of Court is directed to close the motions at ECF Numbers 10 and 11.

SO ORDERED.

Dated: January 19, 2024
        New York, New York

_____
J. PAUL OETKEN
United States District Judge