UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BLUE CASTLE (CAYMAN) LTD.,

                                                                              Case No.: 23-cv-04133

                                     Plaintiff,

      -against -

| | |
|---|---|
| GARNETT MILLER, KENNETH L. FLOYD, JR. TRUSTEE OF THE SAFE HOUSE FP TRUST, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION, CRIMINAL COURT OF NEW YORK CITY; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint, | **JUDGMENT OF FORECLOSURE AND SALE** |

                                       Defendants.

------------------------------------------------------------------X

       On the Summons in a Civil Action (the "Summons") and Complaint filed herein on May 18, 2023, ( "Complaint"); on the Notice of Pendency filed in the Bronx County Clerk's Office on July 18, 2023; and upon Plaintiff Windward Bora, LLC's ("Plaintiff") Motion for a Judgment of Foreclosure and Sale finding Defendants KENNETH L. FLOYD, JR. TRUSTEE OF THE SAFE HOUSE FP TRUST, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION  BUREAU, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION, CRIMINAL COURT OF NEW YORK CITY; CAPITAL ONE BANK (USA), N.A, in default of answering the

Complaint pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and finding summary judgment warranted against Defendant GARNETT MILLER, pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Motion");

NOW, upon the Declaration of Amounts Due and Owing of John Ramer (the "Ramer Declaration") and the Memorandum of Law of Rafi Hasbani, the Court finds that;

Plaintiff is the assignee, owner and holder of the Note (the "Note") and Mortgage (the "Mortgage") dated November 20, 2006, in the amount of $569,800.00 recorded in the office of the City Register, County of Bronx on January 18, 2007, as CRFN: 2007000034609;

The amount computed by the Court to be due on the Note and Mortgage is $531,203.00 in unpaid principal, $425,655.98 in interest, $160,595.56 in unpaid loan advances, and $5,517.50 in attorneys' fees and costs through June 7, 2024, for a total of $1,123,455.19 as set forth in the Devico Declaration, plus interest at a daily rate of $95.91 from June 7, 2024, until the entry of the within Judgment of Foreclosure and Sale.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and Schedule "A" annexed hereto be sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in

force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held outside the United States Courthouse, 500 Pearl Street, New York, NY 10007, by and under the direction of  Seth Siller, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his/her duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

First:  The sum of $750.00 to said Referee for his fees herein;

Second: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository;

Third:  And also the sum of $435.00 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from June 7, 2024, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest

and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED,** that said Referee, or his duly appointed designee, shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "<u>Third</u>" and shall file it with his report of sale. That said Referee, or his duly appointed designee, shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "<u>First</u>" and "<u>Second</u>" and shall also pay the amount of the aforesaid taxes assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "<u>Third</u>" and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendant Dalton Cunningham the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of

the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; notices of pendency; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. The purchaser shall be responsible for the payment of transfer taxes. Said premises commonly known 3340 Fish Ave, Bronx, NY 10469, known on the Bronx County Tax Map as Block: 4736 Lot: 58. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated:   May 20, 2025

_____
J. PAUL OETKEN
United States District Judge

## EXHIBIT "A"

## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of the Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Fish Avenue, distant 500 feet northerly from the corner formed by the intersection of the easterly side of Fish Avenue with the northerly side of Givan Avenue;

RUNNING THENCE northerly along the easterly side of Fish Avenue, 25 feet;

THENCE easterly and parallel with the northerly side of Givan Avenue and part of the distance through a party wall, 100 feet;

THENCE southerly and parallel with the easterly side of Fish Avenue, 25 feet;

THENCE westerly and parallel with the northerly side of Givan Avenue, 100 feet to the point or place of BEGINNING.

TOGETHER with the benefits and subject to the burdens of a Driveway Easement recorded in Liber 1589 cp. 93.

SAID PREMISES BEING KNOWN AS AND BY BLOCK 4736, LOT 58
ON THE LAND AND TAX MAP OF BRONX COUNTY.

SAID PREMISES ALSO KNOWN AS 3340 FISH AVENUE,
BRONX, NEW YORK 10469